# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:19-cv-00185-MR-DCK

| | |
|---|---|
| KENNY MARTIN,<br><br>        Plaintiff,<br><br>vs.<br><br>HARRAH'S NC CASINO COMPANY, LLC and BROOKS ROBINSON,<br><br>        Defendants. | PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT |

Upon the joint request of the parties in the above-referenced matter for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following provisions shall govern confidentiality in *Kenny Martin v. Harrah's NC Casino Company, LLC and Brooks Robinson* (the "Action"):

1. **Introduction**. Any party in this Action, and third parties subpoenaed by one of the parties, may designate as CONFIDENTIAL ("Designating Party") documents (whether in hard copy or computer readable form), things, pleadings, deposition transcripts, answers to interrogatories, responses to requests for admissions, exhibits, and any other information produced, prepared, or discovered in this Action that contain Confidential Information, as defined in Paragraph 2. All

such information, documents, excerpts from documents, testimony, and other materials will constitute "Designated Material" under this Order.

2. **Confidential Information.** Except as provided below, all documents and information produced by the Parties in this litigation, and by third parties subpoenaed by one of the parties, that are labeled in good faith by counsel as CONFIDENTIAL within the meaning of Federal Rule of Civil Procedure 26(c) shall be maintained confidentially and used solely for purposes of this action. Confidential Information includes, but is not limited to, any confidential or non-public information about Harrah's NC Casino Company, LLC ("Harrah's), including but not limited to an unredacted copy of the Amended and Restated Management Agreement Between the Eastern Band of Cherokee Indians and Harrah's; any other proprietary or sensitive Harrah's business information; trade secrets; financial records; commercial records; customer or employee information; and personnel and other similar records of Harrah's. The parties hereby agree to abide by the terms of this Order upon its execution and filing with the Court, even though not yet entered by the Court.

The following documents or information shall not be held as Confidential Information by the Parties subject to this Order:

    (a)    documents or information which at the time of disclosure are part of the public domain or record;

(b) documents or information which after its disclosure becomes part of the public domain or record through no act, omission, or fault of the Parties hereto; and

(c) documents or information which are rightfully in the possession of a Receiving Party, its counsel of record, or experts, under no obligation of confidence.

3. **Confidential-Attorneys' Eyes Only Information.** CONFIDENTIAL-ATTORNEYS' EYES ONLY means CONFIDENTIAL, non-public information that the Designating Party reasonably and in good faith believes, consistent with Fed. R. Civ. P. 26(c)(1)(G), is so highly sensitive that its disclosure to a receiving party could result in significant competitive or commercial disadvantage to the Designating Party.

4. **Designation and Identification Of Confidential Information.** CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material shall be designated as follows:

(a) A party who wishes to designate tangible Confidential Information subject to this Order shall stamp or otherwise mark each page of the document CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY at the time of production.

(b) In the case of deposition transcripts, a party may designate any portions of a transcript (including exhibits) as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY either: (1) at the time the testimony is recorded; or (2) by written notice to all counsel of record within thirty (30) business days after receipt of the transcript. If no designation is made within thirty (30) days after receipt of the transcript, or such other period if the time to designate is changed either by agreement of the parties or by Court order, the transcript shall be considered not to contain any CONFIDENTIAL material.

5. **Use Of Confidential Information.** Any Designated Material shall be used solely for the purpose of litigating the Action, and any appeals therefrom, and not for any other purpose whatsoever. Nothing in this Order shall be construed to control any party's use, dissemination, publication, or disposition of its own Designated Material for any purpose as long as it does not violate any prior agreement.

6. **Limited Disclosure Of Confidential Information.** Confidential Information may be disclosed to and only may be discussed with the following persons:

(a) Counsel of record for the parties to the Action and any employees and administrative staff of such counsel assisting with the litigation. To the

extent such administrative staff are not employees of the law firms of counsel of record, those staff members must be working under the control of the law firm of the relevant counsel of record on this case and must be advised of their obligations under this Order and agree to abide by the same by signing the attached Exhibit A;

(b) Plaintiff, Defendants, and any employee of Harrah's assisting counsel in preparation of the Action, as necessary for the parties in good faith to prepare for the prosecution or defense of the Action;

(c) Deposition or trial witnesses. To the extent these individuals/entities are other than those identified in Section (a) or (b) of this Paragraph, they must agree, in writing, to be bound by this Order by signing the attached Exhibit A prior to a party disclosing or discussing any Confidential Information to or with such deposition or trial witnesses, unless the Court, upon the request of any party, otherwise permits the disclosure of the Designated Material to the individual. Provided further that nothing in the foregoing sentence precludes any party from seeking a Court order that the individual be bound by this Order or otherwise prevented from disclosing the Designated Material;

(d) Court reporters, videographers, interpreters, translators, copy services, and database/coding services retained by and providing services for a party or its counsel in the Action;

(e) The Court, including Court personnel;

(f) Consultants or experts, individuals or entities hired by counsel to assist in connection with litigation of the Action (including partners, associates and employees of the firm which employs such consultant or expert), private mediators, or other non-party witnesses to the extent necessary to provide assistance or testimony in connection with this litigation. These individuals/entities must agree, in writing, to be bound by this Order by signing the attached Exhibit A prior to a party disclosing or discussing any Confidential Information to or with any expert or other non-party witness;

(g) The jury at any trial in the Action; and

(h) Any other person agreed to by the parties in writing, provided that such person agree, in writing, to be bound by this Order by signing the attached Exhibit A prior to a party disclosing or discussing any Confidential Information to or with such person.

7. **Limited Disclosure of Confidential-Attorneys' Eyes Only Information**. Designated Material marked CONFIDENTIAL-ATTORNEYS' EYES ONLY cannot be divulged to or discussed with the persons referred to in

paragraphs 6(b) and 6(c) above, unless additional persons are stipulated by counsel or authorized by the Court. Such information may only be disclosed to and discussed with those persons referred to in paragraphs 6(a), 6(d), 6(e), 6(f), 6(g), and 6(h) herein in accordance with the terms and conditions of this Protective Order.

8. **Pre-Disclosure Requirements**. Prior to disclosing or displaying any Designated Material to any person, counsel shall:

(a) Inform the person of the confidential nature of the Designated Material; and

(b) Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

9. **Control of Confidential Information.** The recipient of any Designated Material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Designated Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of the Action. All such copies,

reproductions, summaries, and abstractions shall be subject to this Order and labeled in the same manner as the designated material on which they are based.

10. **Use of Designated Material in Court Proceedings.** This Protective Order does not limit the use of Designated Material in any Court proceeding, such as hearings, teleconferences or at trial. Nor does it prohibit a party from seeking additional relief relating to the potential disclosure of Designated Material in connection with any Court proceeding such as hearings, teleconferences or at trial. To the extent a party desires protection with respect to the use of Designated Materials at any Court proceeding, the party shall seek appropriate relief from the Court, in advance of the hearing where possible. The parties agree to act in good faith with respect to the use of Designated Material in connection with any Court proceeding such as hearings, teleconferences or at trial where such Designated Material was not included in the record filed in connection for such proceeding, including acting in good faith with respect to providing a Designating Party an opportunity to seek protection of such Designated Material.

11. **Filing of Designated Material.** Before filing any information that has been designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the Designating Party about how it should be filed. If the Designating Party desires that the materials be filed

under seal, then the filing Party shall file the materials as proposed sealed documents along with a motion to seal in accordance with Local Civil Rule 6.1, with notice served upon the Designating Party. The filing of the materials as proposed sealed materials shall not be binding on the Court, however. Within fourteen (14) days of the service of such notice, the Designating Party shall file with the Court a memorandum of law specifying the reasons why the material should be filed under seal and containing the other information required by Local Civil Rule 6.1(c). Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the Designating Party does not timely file a memorandum of law justifying maintaining the documents under seal, then the motion to seal will be summarily denied.

12. **Resolution Of Disputes About Documents Designated As Confidential.** Nothing in this Order constitutes a waiver of any party's right to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence, whether or not comprised of information or documents furnished pursuant to this Order. Nothing herein shall be construed to limit any party's right to challenge the designation of any material as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. If a dispute arises as to whether information is CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, the following procedure shall

apply: (1) Counsel for the objecting party shall serve on the Designating Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection; (2) Counsel for the Designating Party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.  If no timely written response is made to the objection, the challenged CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation will be deemed to be void.  If the Designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute; (3) If a dispute as to a CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter before filing a formal motion for an Order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.  No application shall be made, however, until counsel has first conferred in good faith in an attempt to resolve any such dispute.  In connection with the ruling on any application, the Court may examine the material *in camera*.

13. **Non-Waiver of Confidentiality.** The inadvertent or unintentional failure to designate by a Designating Party of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material shall not be deemed a waiver in whole or in part of the party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Written notification within 30 days by the Designating Party of such inadvertent or unintentional failure to designate shall constitute a designation with respect to all copies of the documents or other material containing the information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material. Upon such notice, counsel for the parties shall cooperate to the extent practicable in restoring the confidentiality of the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

14. **Inadvertent Disclosure.** Should any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the same hereunder, then such person or party shall automatically be bound by this Order and: (1) shall be informed promptly of all of the provisions of this Order by the party who

discovers that the disclosure has been made; (2) shall be immediately identified to the other parties to the Action; and (3) shall be bound, to the extent possible, in all respects to the terms of this Order.

15. **Subpoena.** In the event any person subject to the terms of this Order is served with a subpoena or request for production of information that has been designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material, such person shall give sufficient notice to the Designating Party to allow the Designating Party a reasonable opportunity to intervene to oppose such production. In no event shall the person receiving the subpoena or other process produce CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material of any Designating Party in response to the subpoena or other process unless and until such person has: (i) received written authorization from counsel for the Designating Party to produce said CONFIDENTIAL or "CONFIDENTIAL-ATTORNEYS' EYES ONLY material or (ii) been ordered to do so by a court of competent jurisdiction.

16. **Non-Parties**. A person or entity that is not a party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving the same on all counsel of record.

17. **Modification**. This Order shall not prevent any party from applying to the Court for relief therefrom, from applying to the Court for an order modifying or

amending the terms of this Order, from seeking further or additional protective orders, or from agreeing between themselves to modification of this Order, in writing, subject to approval of the Court.

18. **Effective Upon Execution**. Until such time as this Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it had been "So Ordered."

19. **Continuing Jurisdiction**. The Court shall retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

20. **Disposition of Confidential Information**. Within thirty (30) calendar days after the conclusion of these proceedings by settlement or final, nonappealable judgment, the parties and their counsel shall either: a) gather all Confidential Information and all copies, extracts and summaries of such Confidential Information, and return such Confidential Information to opposing counsel, delete or destroy all copies, extracts and summaries, whether in electronic or paper format, and certify in a writing addressed to opposing counsel that the requirements of this paragraph have been accomplished; or 2) counsel (not the parties) may maintain the Confidential Information under the terms and conditions of this Agreement.

This the 1st day of August, 2019.

|     | COZEN O'CONNOR |
| --- | --- |
| BY: | */s/Patrick M. Aul* |
|     | Patrick M. Aul, NC Bar No. 39506 |
|     | 301 S. College Street, Suite 2100 |
|     | Charlotte, NC 28202 |
|     | Telephone: 704-376-3400 |
|     | Facsimile: 704-334-3351 |
|     | E-mail: PAul@cozen.com |

Susan N. Eisenberg, FL Bar # 174203
200 South Biscayne Blvd., Suite 3000
Miami, FL 33131
Telephone: 305-704-5944
Facsimile: 786-220-0207
Email: SEisenberg@cozen.com
*Pro Hac Vice Motion to Follow*

*Attorneys for Defendants*

|     | WYCHE, P.A. |
| --- | --- |
| BY: | */s/William M. Wilson, III* |
|     | William M. Wilson, III, Esq. |
|     | 200 East Camperdown Way |
|     | Greenville, SC 29601 |
|     | E-Mail: bwilson@wyche.com |
|     | *Counsel for Plaintiff* |

APPROVED:                                              BY THE COURT:

Signed: August 7, 2019

David C. Keesler
United States Magistrate Judge

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:19-cv-00185-MR-DCK

| | |
|---|---|
| KENNY MARTIN,<br>    Plaintiff,<br><br>vs.<br><br>HARRAH'S NC CASINO COMPANY,<br>LLC and BROOKS ROBINSON,<br>    Defendants. | |

**STATEMENT AGREEING TO
CONFIDENTIAL TREATMENT OF MATERIALS**

I, _____, hereby declare under penalty of perjury that:

(a) My present employer is _____
and the address of my present employer is _____.

(b) My present occupation or job description is
_____
_____

(c) I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated to hold in confidence and not to disclose the contents of any document marked CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY to anyone except as permitted by Paragraphs 6 or 7 of the Protective Order. I further understand that I am not to disclose to anyone except as permitted by Paragraphs 6 or 7 of the Protective Order any words, substances, summaries, abstracts, or indices of the confidential information, documents, or things disclosed to me. I understand and agree to abide by all of the provisions of the Protective Order.

Signed:

Printed Name:

Date: