THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00185-MR

| | |
|---|---|
| KENNY MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| HARRAH'S NC CASINO ) | |
| COMPANY, LLC, and ) | |
| BROOKS ROBINSON, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On May 23, 2018, the Plaintiff Kenny Martin ("the "Plaintiff") filed suit against the Defendants, Harrah's NC Casino Company, LLC and Brooks Robinson (the "Defendants") in Cherokee County Superior Court. [Doc. 1-1 at 10-25]. The Plaintiff's complaint asserted claims for violations of the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-241 (the "REDA"), and wrongful discharge in violation of North Carolina public policy. [Id.].

On May 21, 2019, the Plaintiff amended his complaint to add a cause of action under the Fair Labor Standards Act, 29 U.S.C. §§ 215 and 216 (the "FLSA"). [Id. at 523-43]. On June 7, 2019, the Defendants removed the case to this Court. [Doc. 1].

On August 1, 2019, the Defendants filed a "Joint Motion for Protective Order." [Doc. 22]. On August 7, 2019, the Court entered an Order granting the "Joint Motion for Protective Order" and entered a Protective Order and Confidentiality Agreement. [Doc. 24]. On September 28, 2020, the Defendants answered the amended complaint. [Doc. 32].

On March 2, 2021, the Plaintiff filed a "Joint Stipulation of Dismissal," asking the Court to dismiss his claims with prejudice under Federal Rule of Procedure 41(a)(1)(A)(ii). [Doc. 43]. On March 9, 2021, the Plaintiff filed an "Amended Joint Stipulation of Dismissal," asking the Court to dismiss his state-law claims with prejudice and his FLSA claim without prejudice. [Doc. 44]. The parties ask the Court to retain jurisdiction to enforce the Protective Order and Confidentiality Agreement. [Doc. 44].

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) states that the ability to voluntarily stipulate to dismissal is "[s]ubject to . . . any applicable federal statute." The FLSA is an applicable federal statute. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). Because "Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees . . . the FLSA's provisions are mandatory and are not subject to bargaining, waiver, or modification by contract or settlement"

absent approval from the Secretary of Labor or a court of competent jurisdiction. Robinson v. Harrison Transport. Servs., No. 5:15-CV-298-F, 2016 WL 3647616, at *1 (E.D.N.C. June 30, 2016); see also 29 U.S.C. § 216(b)-(c). Accordingly, an FLSA claim may only be dismissed with prejudice with consent from the Secretary of Labor or with judicial approval of a settlement between the parties.

Nevertheless, courts let parties stipulate to the dismissal of FLSA claims without prejudice even if the parties lack approval from the Secretary of Labor or a court of competent jurisdiction. Davis v. BT Americas Inc., No. 2:16-cv-206, 2017 WL 11507143, at *1 (E.D. Va. Apr. 13, 2017). Where the parties stipulate to dismissal without prejudice, however, the plaintiff is not foreclosed from refiling the FLSA claim at a later time. See PerezNunez v. N. Broward Hosp. Dist., 609 F. Supp. 2d 1319, 1320–21 (S.D. Fla. 2009); Appleby v. Hickman Cost., Inc., No. 1:12-cv-00237, 2013 WL 1197758, at *1 (N.D. Fla. Mar. 25, 2013); Kerr v. Powerplay Arcade, Inc., No. 6:07-cv-1441-ORL-19KRS, 2007 WL 3307091, at *1 (M.D. Fla. Nov. 6, 2007)

Here, the parties jointly move to dismiss the Plaintiff's FLSA claims without prejudice. [Doc. 44]. Accordingly, the Court will dismiss the Plaintiff's state-law claims with prejudice and will dismiss the Plaintiff's FLSA claim without prejudice to refiling later.

Although the parties ask the Court to retain jurisdiction over this matter to enforce the Protective Order and Confidentiality Agreement, the Protective Order states that the Court will retain jurisdiction "subsequent to settlement or entry of judgment." [Doc. 24 at 13]. The parties stipulated to the dismissal of the Plaintiff's claims without a court order under Rule 41(a)(1)(A)(ii) and the parties do not state that they have entered into any settlement agreement necessitating judicial approval under the FLSA. As such, there is no basis for the Court to retain jurisdiction under the Protective Order. Accordingly, the Court will decline to retain jurisdiction over this matter. Violations of the Protective Order can be remedied through the filing of a new action.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's state-law claims are hereby **DISMISSED WITH PREJUDICE** and the Plaintiff's FLSA claim is hereby **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is respectfully directed to close this civil action.

**IT IS SO ORDERED**

Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge